UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MATTHEW MUMAW, #QA9960, | |
| Petitioner, | CIVIL ACTION NO. 4:23-cv-00491 |
| v. | (SAPORITO, J.) |
| THOMAS MCGINLEY, Superintendent, | |
| Respondent. | |

## MEMORANDUM

Now before the court is a report and recommendation of United States Chief Magistrate Judge Daryl F. Bloom, in which he recommends that the instant petition for a writ of habeas corpus be denied. Doc. 15.

The petitioner in this § 2254 habeas action, Eric Matthew Mumaw, is a convicted state prisoner. At the time of filing, Mumaw was incarcerated at SCI Coal Township, a state prison located in Northumberland County, Pennsylvania. His petition challenges a judgment of sentence entered by the Court of Common Pleas for Schuylkill County, Pennsylvania, on January 9, 2020. *See generally Commonwealth v. Mumaw*, No. CP-54-CR-0000269-2017 (Schuylkill Cnty. (Pa.) Ct. Com. Pl. filed Feb. 8, 2017), *aff'd*, No. 234 MDA 2020, 2021

WL 4852444 (Pa. Super. Ct. Oct. 19, 2021), *appeal denied per curiam*, 275 A.3d 488 (Pa. 2022).

In his counseled § 2254 petition, Mumaw articulated seven grounds for habeas relief: (1) the trial court erred in denying Mumaw's request for funds for a criminal investigator and expert witness; (2) the trial court erred when it denied Mumaw's request for the jury to view the crime scene; (3) the trial court erred when it denied Mumaw's motion to dismiss the charges against him based on his theory of self-defense; (4) the trial court erred when it denied Mumaw's motion *in limine* to preclude certain electronic evidence; (5) the trial court erred when it denied Mumaw's request to present certain opinion testimony regarding the authenticity of the electronic evidence; (6) the trial court erred when it denied Mumaw's motion to suppress statements he gave to law enforcement; and (7) the trial court erred when it imposed a sentence in the aggravated range.

The magistrate judge first found that several of these habeas claims challenge the state trial court's rulings on issues of state law, and thus those claims are not cognizable on federal habeas review. *See* R. & R. 10–12 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and *Laird v.*

*Horn*, 159 F. Supp. 2d 58, 98 (E.D. Pa. 2001)), Doc. 15. These non-cognizable claims include #2, #4, #5, and #7, as described above.

In the alternative, the magistrate judge found that these claims, together with the remainder, were meritless. Judge Bloom noted that all seven habeas claims were raised by Mumaw on direct appeal to the Superior Court of Pennsylvania, where each was denied on its merits.[1] *See* R. & R. 13–25. With respect to each of the seven claims raised by Mumaw in his § 2254 petition, Judge Bloom found that the state court's decision was not contrary to, nor involved an unreasonable application of, clearly established federal law, and that it was not based upon an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

Based on the foregoing, Judge Bloom recommended that the instant federal habeas petition be denied in its entirety on the merits. He further recommended that a certificate of appealability should not issue. *See* R. & R. 25 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The petitioner has timely filed objections to Judge Bloom's report and recommendation. Doc. 17. We have conducted a de novo review of the contested portions of the report. *See* 28 U.S.C. § 636(b)(1); *United States*

---

[1] *See supra* note 2.

*v. McLaughlin*, 607 F. Supp. 3d 522, 529 (M.D. Pa. 2022).

One of the petitioner's objections merits some discussion, as it was not directly addressed by the report and recommendation. Mumaw argues that the magistrate judge erred in failing to hold an evidentiary hearing on his petition prior to issuing his report and recommendation.

We first note that Mumaw does not appear to have moved for or requested an evidentiary hearing while before the magistrate judge. But even if he had, an evidentiary hearing in this habeas proceeding would have been improper. With respect to claims adjudicated on the merits in state court proceedings, § 2254(d) "restricts the ability of a federal habeas court to develop and consider new evidence." *Shoop v. Twyford*, 596 U.S. 811, 818 (2022). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 17, 181 (2011). Meanwhile, "[r]eview of factual determinations under §2254(d)(2) is expressly limited to 'the evidence presented in the State court proceeding.'" *Shoop*, 596 U.S. at 819 (quoting 28 U.S.C. § 2254(d)(2)). Six of Mumaw's seven habeas claims were denied on the merits by the state appellate court. An evidentiary hearing is not only not warranted, but it is precluded with respect to

these six claims.

The only claim that was not denied on its merits was claim #5,[2] which the Superior Court deemed waived because Mumaw had "offered no citations to legal authorities concerning the admission of lay opinion testimony in his brief," which "result[ed] in waiver of the underlying claim." *See Mumaw*, 2021 WL 4852444, at *8 (citing *Collins v. Cooper*, 746 A.2d 615, 619 (Pa. Super. Ct. 2000), and *Commonwealth v. Russell*, 665 A.2d 1239, 1246 (Pa. Super. Ct. 1995)). *See generally Leake v. Dillman*, 594 Fed. App'x 756, 759 (3d Cir. 2014) ("The requirement that Petitioner must meaningfully develop his arguments on appeal and cite

---

[2] After finding claim #5 non-cognizable on federal habeas review, the magistrate judge alternatively found the claim to be without merit, characterizing it as having been denied on the merits by the state appellate court. We decline to adopt that particular finding, as our review of the record reflects that the state appellate court never reached the merits of claim #5, finding instead that it had been waived on appeal in state court for failure to develop an argument or to cite appropriate authorities as required by Pa. R. App. P. 2119(a). *See Mumaw*, 2021 WL 4852444, at *8. Generally, federal habeas relief on a claim so waived is barred by procedural default. *See Leake v. Dillman*, 594 Fed. App'x 756, 759 (3d Cir. 2014). But we need not reach the issue of procedural default here because the magistrate judge also correctly found that this claim challenging the appellate court's interpretation and application of state law to a trial court evidentiary ruling is simply not cognizable on federal habeas review. *See Estelle*, 502 U.S. at 67–68; *Leake*, 594 Fed. App'x at 759; *Laird*, 159 F. Supp. 2d at 98.

to appropriate authorities has been stated in unmistakable terms by the Pennsylvania Supreme Court and is embodied in the state's rules of appellate procedure.") (citing *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002), and Pa. R. App. P. 2119(a)) (citations omitted); *Collins*, 746 A.2d at 619 ("Where an appellant has failed to cite any authority in support of a contention, the claim is waived."); *Russell*, 665 A.2d at 1246 ("Appellants have neglected to include discussion or citation to authority. Consequently, we are unable to review this claim.") (citations omitted). Because this issue was not adjudicated on the merits in state-court proceedings, the standard set forth in § 2254(e)(2) governs whether an evidentiary hearing is warranted. *See generally Lee v. Glunt*, 667 F.3d 397, 405–07 (3d Cir. 2012) (discussing § 2254(e)(2) standard in detail). Ultimately, however, "this issue presents a claim of state law not cognizable in federal habeas corpus, and therefore, an evidentiary hearing is not required to resolve it." *Story v. Kindt*, 957 F. Supp. 716, 726 (W.D. Pa. 1997); *see also Lee*, 667 F.3d at 406–07 (noting that, in exercising its discretion under § 2254(e)(2), a federal habeas court must evaluate "whether the petition presents a *prima facie* showing which, if proven, would enable the petitioner to prevail on the merits of the

asserted claim," and "whether the relevant factual allegations to be proven at the evidentiary hearing are contravened by the existing record or the record otherwise precludes habeas relief") (internal quotation marks omitted). Because claim #5 involves an issue of state law not cognizable on federal habeas review, an evidentiary hearing is not warranted.

Thus, we find the petitioner's objection that the magistrate judge failed to hold an evidentiary hearing in this federal habeas proceeding to be meritless.

The remainder of the petitioner's objections largely rehash the arguments presented to the magistrate judge, with the added gloss that the magistrate judge gave too much deference to the state court rulings on his claims when presented on direct appeal. Upon de novo review of the report and the record, we find that the magistrate judge properly found that claims #2, #4, #5, and #7 involve issues of state law that are not cognizable on federal habeas review, and we find that the magistrate judge properly applied the deferential standard of review set forth in 28 U.S.C. § 2254(d) with respect to those cognizable claims that were decided on the merits by the state appellate court, claims #1, #3, and #6.

Following an independent review of the report and the record, and having afforded "reasoned consideration" to the uncontested portions of the report, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017), we are satisfied that, other than the alternative finding regarding claim #5 addressed in the margin above,[3] which we do not adopt, "there is no clear error on the face of the record," Fed. R. Civ. P. 72(b) advisory committee note to 1983 amendment. With the exception of the alternative finding regarding claim #5, we find Judge Bloom's analysis to be well-reasoned and fully supported by the record and applicable law, and we find Mumaw's specific objections to be without merit. Accordingly, the court will adopt the report and recommendation, except for the alternative finding regarding claim #5 discussed in the margin above,[4] as the decision of the court, as supplemented by this memorandum opinion.

An appropriate order follows.

Dated: November 7, 2024         *s/Joseph F. Saporito, Jr.*
                                JOSEPH F. SAPORITO, JR.
                                United States District Judge

---

[3] *See supra* note 2.
[4] *See supra* note 2.